McCALEB, Justice
 

 (dissenting).
 

 The facts are fully set forth in the original opinion and it would reserve no useful purpose for me to restate them. The question for decision is whether the policy clearly provides that the obligation of the insurance company for disability benefits and waiver of premiums is conditioned upon receipt of proof during the existence of the disability. The affirmative answer, which was given in the original opinion, is supported by the unanimous jurisprudence of the State and Federal courts, including the Supreme Court of the United States.
 

 A reexamination of the case has served only to reassure me of the correctness of our previous views.
 
 [1]
 
 The policy does not unqualifiedly provide for the payment of the monthly disability annuity during disability. On the contrary, the obligation to pay is conditioned upon receipt of due proof of disability and it thereafter continues during the existence of the disability. The specific language of the policy is “(I) Disability Benefits before age 60 shall, be effective upon receipt of due proof, * * * ” The word “effective” is synonymous with “operative” (Webster’s New International Dictionary) and; as used in the policy, denotes the beginning of the period for which benefits are to be allowed. See Rowan v. New York Life Ins. Co., Mo.App., 124 S.W.2d 577 and other cases of the same tenor cited in the original opinion.
 

 Hence, there can be no doubt that the obligation of the company for the monthly disability benefits does not come into existence until it has received due proof of the disability. However, it is said that, even if this be so, the giving of notice subsequent to the existence of disability restores the right of the insured to claim for such previous disability because clause 1(b) of the disability provisions is ambiguous.
 

 But Clause 1(b) is not obscure. It provides that the insurer will “Pay To The Insured a Monthly Disability-Annuity as stated on the face here of; the first payment to be payable upon receipt of due proof of such Disability and subsequent payments monthly thereafter during the continuance of such total and permanent Disability.” Obviously, the payments provided for are conditioned upon a compliance by the assured with clause (I) which distinctly makes the disability benefits effective only upon receipt of due proof. The argument that the phrase in Clause 1(b) that “the. first payment to be payable upon receipt of
 
 *363
 
 due proof” is indefinite, being subject to the interpretation that it may mean the payment of a sum larger than a $100 monthly-payment, is not well founded as the obligation of the insurer is plainly stated throughout the policy to be a monthly disability-annuity of $100.
 

 After all, the insurance contract is the law between the parties and the Court should give legal effect to it according to the true intent of the parties, which is to be determined by the words of the contract when they are clear and lead to no absurd consequences. Article 1945, Civil Code, And, in construing the words used by the parties, they “ * * * are to be understood, like those of a law, in the common and usual signification, without attending so much to grammatical rules, as to general and popular use.” Article 1946, Civil Code.
 

 By applying these fundamental principles, I have no difficulty in resolving that the language used in the policy is free from ambiguity. Accordingly, there is no reason to adopt a liberal construction in favor of the insured.
 

 For these and the reasons set forth in the original opinion, I respectfully dissent.